UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-CR-20438-BECERRA/TORRES

18 U.S.C. § 371
18 U.S.C. § 982(a)(2)(A)

UNITED STATES OF AMERICA

v.

JONATHAN ANDRES SERNA,

Defendant.
_______________________________/

FILED BY RCH1 D.C.
Oct 15, 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

# INFORMATION

The United States Attorney charges:

## GENERAL ALLEGATIONS

At all times relevant to this Information, unless otherwise stated:

1. Bank 1 was a financial institution headquartered in San Francisco, California. Bank 1's deposits were insured by the Federal Deposit Insurance Corporation.

2. In order to open an account, Bank 1's policies and procedures required a bank customer to sign account opening documentation in person inside a bank branch.

3. Defendant **JONATHAN ANDRES SERNA** worked at a Bank 1 branch located in Miami-Dade County in the Southern District of Florida.

4. Individual 1 was a co-conspirator of defendant **JONATHAN ANDRES SERNA**.

**Conspiracy to Receive Commissions or Gifts for Procuring Loans**
(18 U.S.C. § 371)

5. From at least in or around July 2022, and continuing through in or around August 2023, in the Southern District of Florida and elsewhere, the defendant,

**JONATHAN ANDRES SERNA,**

did knowingly and willfully, that is, with the intent to further the object of the conspiracy, combine, conspire, confederate and agree with Individual 1 and others known and unknown to the United States Attorney, to commit an offense against the United States, that is, as an employee of a financial institution, to corruptly solicit, demand, and accept a thing of value that exceeds $1,000 from any person, intending to be influenced and rewarded in connection with any business and transaction of such institution, in violation of Title 18, United States Code, Section 215(a)(2).

## PURPOSE OF THE CONSPIRACY

6. It was the purpose of the conspiracy for defendant **JONATHAN ANDRES SERNA** and his co-conspirators to unjustly enrich themselves by, among other things, opening United States bank accounts at Bank 1 for persons not physically present in the United States in violation of Bank 1's policies and procedures.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which **JONATHAN ANDRES SERNA** and his co-conspirators sought to accomplish the purpose of the conspiracy included, among others, the following:

7. **JONATHAN ANDRES SERNA** agreed with Individual 1 and others to open bank accounts at Bank 1 on behalf of foreign individuals who were not physically present in the United States.

8. Individual 1 sent co-conspirators to meet with **JONATHAN ANDRES SERNA** inside a Bank 1 branch to open accounts on behalf of other individuals living outside of the United States. **SERNA** used fraudulent Florida Power & Light (FPL) bills to make it appear as if the purported accountholders resided in Miami.

9. **JONATHAN ANDRES SERNA** opened personal and business accounts for individuals not physically present. **SERNA** received, from Individual 1 or associates of Individual 1, cash payment for each account opened as part of the scheme.

10. **JONATHAN ANDRES SERNA** did not conduct know-your-customer due diligence into the accountholders.

11. **JONATHAN ANDRES SERNA** received cash payment for opening accounts and deposited into his personal accounts over $50,000 received as payment for his participation in the scheme.

## OVERT ACTS

In furtherance of the conspiracy and to accomplish the purpose and object thereof, **JONATHAN ANDRES SERNA** and his co-conspirators committed, and caused to be committed, in the Southern District of Florida and elsewhere, at least one of the following overt acts, among others:

1. On or about July 15, 2022, **JONATHAN ANDRES SERNA** opened a business bank account in the name of H.M.M.S.D.R. in violation of Bank 1's policies and procedures and at the direction of Individual 1.

2. On or about January 27, 2023, **JONATHAN ANDRES SERNA** deposited approximately $1,080 in United States currency he received from a conspirator into an account he controlled.

3. On or about June 14, 2023, **JONATHAN ANDRES SERNA** opened a business bank account in the name of P.E.I.S.L. and a personal bank account in the name of E.W.L. and A.A.M., respectively, all in violation of Bank 1's policies and procedures and at the direction of Individual 1.

4. On or about June 15, 2023, **JONATHAN ANDRES SERNA** opened a personal bank account in the name of T.H. in violation of Bank 1's policies and procedures and at the direction of Individual 1.

5. On or about June 16, **JONATHAN ANDRES SERNA** opened a personal bank account in the name of Y.A.G. in violation of Bank 1's policies and procedures and at the direction of Individual 1.

6. On or about June 29, 2023, **JONATHAN ANDRES SERNA** opened a personal bank account in the name of W.M.A., J.J.A., and L.H.G., respectively, in violation of Bank 1's policies and procedures and at the direction of Individual 1.

7. On or about July 5, 2023, **JONATHAN ANDRES SERNA** opened a personal bank account in the name of G.C.M.G. in violation of Bank 1's policies and procedures and at the direction of Individual 1.

8. On or about August 3, 2023, **JONATHAN ANDRES SERNA** opened a business bank accounts in the name of S.A.S.F.D.I. and T.S.D.C.L. in violation of Bank 1's policies and procedures and at the direction of Individual 1.

All in violation of Title 18, United States Code, Section 371.

## FORFEITURE ALLEGATION
(18 U.S.C. § 982(a)(2)(A))

1. The allegations of this Information are hereby re-alleged and by this reference fully

incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **JONATHAN ANDRES SERNA**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 215, or a conspiracy to commit such offense, as alleged in this Information, the defendant shall forfeit to the United States any property, constituting, or derived from, proceeds the person obtained directly or indirectly as result of such offense, pursuant to Title 18, United States Code, Section 982(a)(2)(A).

All pursuant to Title 18, United States Code, Section 982(a)(2)(A) and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(2).

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

ELI S. RUBIN
ASSISTANT UNITED STATES ATTORNEY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**UNITED STATES OF AMERICA**

**v.**

**JONATHAN ANDRES SERNA**

**Defendant.** /

**CASE NO.:** 26-CR-20438-BECERRA/TORRES

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of new counts _____

**Court Division** (select one)
☑ Miami ☐ Key West ☐ FTP
☐ FTL ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the Indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: ____________
4. This case will take 0 days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)
   I ☑ 0 to 5 days
   II ☐ 6 to 10 days
   III ☐ 11 to 20 days
   IV ☐ 21 to 60 days
   V ☐ 61 days and over

   (Check only one)
   ☐ Petty
   ☐ Minor
   ☐ Misdemeanor
   ☑ Felony
6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge ____________ Case No. ____________
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Judge ____________ Magistrate Case No. ____________
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge ____________ Case No. ____________
9. Defendant(s) in federal custody as of ____________
10. Defendant(s) in state custody as of ____________
11. Rule 20 from the ________ District of ____________
12. Is this a potential death penalty case? (Yes or No) ______
13. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
14. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No
15. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? No
16. Did this matter involve the participation of or consultation with Magistrate Judge Yeney Hernandez during her tenure at the U.S. Attorney's Office, which concluded on April 2, 2026? No
17. Did this matter involve the participation of or consultation with Magistrate Judge Brandy Brentari Galler during her tenure at the U.S. Attorney's Office, which concluded on July 31, 2026? No

By: [signature]
Eli S. Rubin
Assistant United States Attorney
District Court No. A5503535

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name**: JONATHAN ANDRES SERNA

**Case No**: 26-CR-20438-BECERRA/TORRES

Count #: 1

Conspiracy to Receive Commissions or Gifts for Procuring Loans

Title 18, United States Code, Section 371
* **Max. Term of Imprisonment:** Five (5) years imprisonment
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** Three (3) years
* **Max. Fine:** $250,000

***Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

United States of America
v.

JONATHAN ANDRES SERNA,
*Defendant*

Case No. 26-CR-20438-BECERRA/TORRES

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: ____________________

____________________
*Defendant's signature*

____________________
*Signature of defendant's attorney*

Mario S. Cano
*Printed name of defendant's attorneys*

____________________
*Judge's signature*

____________________
*Judge's printed name and title*